complainant had answered the prosecutor's question, "Had [defendant] ever told you any things in the past about things he did?". Further, the probative value of the testimony on the issue of forcible compulsion (an element of two of the crimes charged) outweighed its prejudicial effect (see, People v Thompson, 72 NY2d 410, 416, rearg denied 73 NY2d 870; People v Alvino, 71 NY2d 233, 241-242; People v Allweiss, 48 NY2d 40, 46-47).

We further reject defendant's contention that the court erred in allowing the complainant's mother to testify that, about two months after the incident, defendant and his wife came to her place of work and that defendant told her that she had "better watch out" and that what her daughter said "wasn't true." That testimony was probative on the issue of consciousness of guilt (see, Richardson, Evidence §§ 167, 220 [Prince 10th ed]).

Finally, we reject defendant's contention that the prompt complaint exception to the general rule against bolstering (see, People v Rice, 75 NY2d 929, 931) should be "abandoned." (Appeal from Judgment of Monroe County Court, Wisner, J.— Attempted Rape, 1st Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G. COX, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court abused its discretion in denying him youthful offender status and that his sentence was harsh and excessive. Upon our review of the record and consideration of the relevant factors, we conclude that the trial court did not abuse its discretion in denying defendant's application for youthful offender treatment (see, People v New, 171 AD2d 1006; People v Ortega, 114 AD2d 912, lv denied 67 NY2d 887). We also reject defendant's contention that the trial court abused its sentencing discretion and that his sentence was harsh and excessive. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 7th Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G. COX, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same Memorandum as in People v Cox ([appeal No. 1] 176 AD2d 1226 [decided herewith]). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Assault,

2nd Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.

■ WAYNE M. HARRIS, Appellant, v NEIL HIRSCH, Respondent.—Order unanimously reversed on the law and facts without costs and application granted, in accordance with the following Memorandum: In this action for specific performance of an option agreement to purchase real property or, in the alternative, for money damages, Supreme Court granted plaintiff's application for a default judgment on the issue of liability, and the matter was referred to another Judge for an assessment of damages. Following the inquest on damages, the court denied recovery upon the ground that plaintiff had not demonstrated a breach of the option agreement. That was error. Liability was established upon defendant's default and the granting of an order for a default judgment. The only issues to be decided by the Judge presiding over the assessment were whether plaintiff presented sufficient proof of damages and the amount thereof (see, McClelland v Climax Hosiery Mills, 252 NY 347, 353, rearg denied 253 NY 558; cf., Paulson v Kotsilimbas, 124 AD2d 513, 514). Plaintiff submitted sufficient proof by affidavit and a detailed appraisal report to establish that he was damaged in the sum of $61,999. Accordingly, plaintiff is entitled to have judgment entered in that amount. (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Damages.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.

■ LAWRENCE E. RICHARDSON et al., Respondents, v BERNARD C. MUSCATO, Appellant, et al., Defendant.—Order unanimously affirmed without costs. Memorandum: "A golfer has a duty to give a timely warning to other persons within the foreseeable ambit of danger" (Jenks v McGranaghan, 30 NY2d 475, 479; see also, Rinaldo v McGovern, 167 AD2d 942), but "there is generally no duty to warn persons not in the intended line of flight on another tee or fairway of an intention to strike the ball" (Noe v Park Country Club, 115 AD2d 230). Plaintiff Lawrence E. Richardson, who was in the vicinity of the 13th tee and about 20 to 25 feet from the 12th green, was struck on the head by a ball hit by defendant. Defendant was taking his second shot from the left side of the fairway, using a nine iron, aiming for the right side of the 12th green, but his shot pulled to the left. Defendant admitted that, before he took his shot, he observed people between the 12th green and the 13th tee and further acknowledged that there was only about 40 feet between the 12th green and the 13th tee. He